UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

WILLIAM SCUTT,

    Plaintiff,

-v-

JUSTIN WARD, STEVE WARD and
SCOTT KNOLTON,

    Defendants.

DECISION AND ORDER
05-CV-0838E

Plaintiff, William Scutt, an inmate of the Bare Hill Correctional Facility, has filed this *pro se* action claiming that he was assaulted and badly beaten by the defendants, who appear to be "private citizens," on or about October 3, 2003. He has also filed a form approved for use in this Court to request permission to proceed *in forma pauperis* and filed a signed Authorization pursuant to 28 U.S.C. § 1915(b). (Docket Nos. 2 and 4).

Plaintiff had filed an earlier case in this Court against the same defendants and others, alleging the same facts as the instant complaint. That case, which was brought under 42 U.S.C. § 1983, had been dismissed against the same defendants named herein on the ground that said defendants, Justin Ward, Steve Ward and Scott Knolton, were not "state actors" for purposes of liability under § 1983. *Scutt v. Ward, et al.*, 05-CV-0500E (Docket No. 6, Order, dated August 29, 2005).

The complaint herein, which was filed on a form apparently used for filing a claim in the New York State Court of Claims, alleges only state common law claims of assault and battery and does not allege the § 1983 claims raised in the earlier action nor any other claim arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. It appears that plaintiff may have intended to file this matter in the New York State Court of Claims,[1] even though

---

[1] Attached to the complaint is a Notice of Intention to File a Late Notice of Claim pursuant to sections 10 and 11 of the New York Court of Claims Act.

there are no allegations that the defendants were employees of the State of New York at the time of the alleged assault. See N.Y. Court of Claims Act § 9 (McKinney's 1989).[2]

Accordingly, the Court finds that even if plaintiff intended to file the complaint in this Court, the Court has no subject matter jurisdiction over the state common law claims raised in the complaint and the complaint must be dismissed. See 28 U.S.C. § 1332.[3]

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is denied and the Clerk of the Court is directed to contact Bare Hill Correctional Facility and direct it not to withdraw any funds from plaintiff's inmate account and to remove any encumbrances placed on said account pursuant to 28 U.S. C. § 1915(b);

FURTHER, that the complaint is dismissed for lack of subject matter jurisdiction; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:      June 15, 2006
            Rochester, New York

                                            _____
                                            CHARLES J. SIRAGUSA
                                            United States District Judge

---

[2]Section 9 of the New York Court of Claims Act provides in relevant part:

> The court shall have jurisdiction: 1. To hear and determine all matters now pending in the said court of claims.
>
> 2. To hear and determine a claim of any person, corporation or municipality against the state for the appropriation of any real or personal property or any interest therein, for the breach of contract, express or implied, or for the torts of its officers or employees while acting as such officers or employees, providing the claimant complies with the limitations of this article. For the purposes of this act only, a real property tax lien shall be deemed to be an interest in real property.

[3]Plaintiff, if he intended to file this complaint in the New York State Court of Claims or the New York State Supreme Court, Seneca County, should immediately re-file this action in whatever court he initially intended to file this action in, pursuant to the applicable rules of that court. See N.Y. C.P.L.R., § 301 et seq.; N.Y. CT. CL. ACT, § 10 et seq.